HASKELITE MANUFACTURING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100271. Promulgated June 5, 1941.

*John Harrington, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

HARRON: Petitioner was prohibited from paying dividends until an indebtedness of $200,000 contracted in 1934 was fully paid, under the written agreement which it executed in March of 1934. The question is whether the March 1934 agreement continued after May 1, 1936, and throughout 1937, or whether that agreement was terminated and a new agreement was made in January of 1937 when petitioner

gave a new note for $200,000 to R. F. C. To obtain the credit claimed under section 26 (c) (1) the agreement which prohibited petitioner from paying dividends must be a written agreement executed prior to May 1, 1936.[1]

Industrial appears to have had no other business than acting as an intermediary between R. F. C. and subborrowers at a time when R. F. C. made loans to private loan agencies for relending to individual concerns. When R. F. C. was enabled to make loans direct to such borrowers as petitioner, the intermediate loan corporation was dissolved and the obligations of the subborrowers were taken over absolutely by R. F. C. Industrial was dissolved in 1936 and R. F. C. took over petitioner's note, mortgages, and agreements absolutely, having, however, held them as collateral for Industrial's note at all times. When Industrial was dissolved, all that the subborrowers agreed was that the notes of Industrial to R. F. C. should be canceled. But neither the subborrowers nor R. F. C. agreed or intended that the obligations of the subborrowers should be canceled. Petitioner owed $200,000 on its 1934 note at the time Industrial was dissolved, which apparently was after June 8, 1936, and it had agreed in 1934 that it would not declare or pay any dividends until its indebtedness of $200,000 was paid in full. After Industrial was dissolved petitioner owed directly to R. F. C. $200,000 instead of owing it indirectly. For all practical purposes the indebtedness at all times was owing to R. F. C. for Industrial was no more than an intermediary. R. F. C. could have extended the 1934 note of petitioner instead of taking a new note in the same amount upon the same conditions in January of 1937. The dissolution of Industrial and the steps taken by R. F. C. were outside of petitioner's control. At no time, even momentarily, in spite of the dissolution of Industrial and the giving of a new note to R. F. C., was petitioner relieved from the agreement it made in 1934 not to declare or pay dividends until its indebtedness of $200,000 was fully paid. Under such circumstances the substance of the steps taken in November of 1936 and January of 1937 should control here, and, in substance, the original loan to petitioner was extended in November of 1936 by R. F. C. in the same amount and upon the same

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

\* \* \* \* \* \* \*

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.

terms. The fact that petitioner executed an application for a new loan and gave a new note in the same amount did not, in our opinion, operate to cut off the obligation upon petitioner not to pay dividends which it made in 1934. Rather, that obligation continued throughout. There is no showing that the 1934 dividend restriction agreement was returned to petitioner or in any way terminated in 1936.

It is held, accordingly, that in 1937 petitioner was prohibited from declaring or paying dividends by a written contract which expressly dealt with the payment of dividends which was executed prior to May 1, 1936, and, accordingly, petitioner is entitled to a credit under section 26 (c) (1) of the Revenue Act of 1936. See *Sutcliffe Co.*, 41 B. T. A. 1009.

*Decision will be entered for the petitioner.*